IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WALTER LEE WRIGHT,                      *

    Plaintiff                        *

      v.                             *          Civil Action No. DKC-24-1966

OFFICER KYLE BAXTER,                    *
SGT. BRETT TRAHAN,
OFFICER MICHAEL NELSON,                 *
OFFICER JONATHAN JOHNSON,
OFFICER MATTHEW WOOD,                   *

    Defendants                       *
                              ***

**MEMORANDUM OPINION**

Pending in the above-entitled civil rights case are self-represented Plaintiff Walter Lee Wright's Motions Consenting to Defendants Submission of Previous Nondisclosure of Body Worn Video Evidence (ECF No. 53), to Amend Complaint (ECF No. 59), to Withdraw Motion to Amend (ECF No. 63), and to Proceed in Forma Pauperis (ECF No. 64). Defendants, who are police officers with the Montgomery County Maryland Police Department, oppose the Motion to Amend the Complaint (ECF No. 61) and have filed an Answer (ECF No. 60) to the Complaint as well as verified body-worn video footage (ECF Nos. 55 and 56) of the use of force incident underlying the claims raised in this civil rights complaint. For the reasons stated herein, Mr. Wright's motions will be denied.

**A.    Background**

In a Memorandum Opinion and Order issued February 26, 2025, this court granted in part and denied in part Defendants Motion to Dismiss. ECF Nos. 28, 29. Mr. Wright's official capacity and conspiracy claims were dismissed while his claim that excessive force was used against him

during the course of his arrest survived analysis under Fed. R. Civ. P. 12(b)(6).  Mr. Wright's claims

were summarized by the court as follows:

> Plaintiff alleges that during an investigative stop for a suspected burglary, Officer Baxter held a weapon to Plaintiff's temple and forced his knee into Plaintiff's left thigh while screaming "don't move or I will blow your brains out."  ECF No. 4 at 8.  Officer Baxter then began kicking Plaintiff violently causing him to scream out in pain and to tell Officer Baxter that he was hurting him.  *Id*.  Officer Baxter then ordered Plaintiff to turn over on his stomach and the violent kicking and screaming continued as Officer Baxter held a weapon to Plaintiff's temple.  *Id*.  Officers Aniyah Miller and Defendant Sgt. Trahan arrived and assisted Officer Baxter.  *Id*. at 9.

> Plaintiff was removed from school property and when Officer Baxter asked him if he wanted to go to the hospital, Plaintiff confirmed that he did.  ECF No. 4 at 9.  After he arrived at the hospital, it was determined that Plaintiff had suffered a closed fracture of the distal end of the left fibula from a blunt object assault.  *Id*.  Plaintiff hypothesizes that the blunt object causing the injury to his ankle "may have been sheet toe shoes."  *Id*.  Plaintiff claims that, although he was prescribed oxycodone, he was never given any of that medication.  *Id*. at 10.  He states that his exchange with Officer Baxter took place in front of Officers Nelson and Miller and possibly Sgt. Trahan.  *Id*.

> Plaintiff distinguishes between Defendants Officer Baxter and Sgt. Trahan because he insists that he never had any contact with Sgt. Trahan other than when Sgt. Trahan arrived to assist Officer Baxter with handcuffing him when he was arrested.  ECF No. 4 at 10.  He states that there was never a verbal exchange between himself and Sgt. Trahan and claims that there was an elaborate cover-up in effect among "these defendants that does not end with falsified bodycam video footage of an arrest by defendant Trahan, falsified reports, supplemental reports, statement of charges, all written to support and collaborate [sic] defendant Trahan as Plaintiff's arrester and not defendant Baxter."  *Id*.  Plaintiff explains that his public defender showed him bodycam video of his arrest which depicts his arrest as being made by Defendant Sgt. Trahan and he "immediately protested" when he saw that video footage.  *Id*. at 8.  He states that if the arrest was recorded by Officer Baxter, his "body was in to[o] close a proximity to Plaintiff's body to produce footage with his weapon at Plaintiff's temper [sic] and knee on Plaintiff's left thigh while screaming 'don't move or I'd [sic] blow your brains out.'"  *Id*.

> Plaintiff adds that Officer Aniyah Miller "arguably" did not file a false report and "is a potential witness."  ECF No. 4 at 10.  He asks the court to review "exhibits of reports, supplemental reports, original statement of charges written by Defendant Baxter" but does not attach such reports to the Amended Complaint.  *Id*.  Plaintiff also does not explain what the court is meant to glean

2

> from these reports that he denigrates as falsified but nevertheless invites the court to review. *Id.*
>
> Plaintiff alleges that Officer Baxter's actions amounted to the unconstitutional excessive use of force during an investigative stop on an unarmed, non-dangerous arrestee who was not resisting or threatening harm. ECF No. 4 at 11. Plaintiff asserts that this amounted to a violation of the Fourth Amendment to the United States Constitution. *Id.*
>
> ***
>
> On July 18, 2024, the court received correspondence from Plaintiff which included a partial copy of the Statement of Probable Cause prepared by Officer Baxter. ECF No. 7 at 4-5. The report states in pertinent part that Officer Baxter responded to a call of a break-in at a residence in Chevy Chase, Maryland on February 1, 2024. *Id.* at 4. Officer Baxter was first on the scene and, as he entered the driveway of the residence, he saw an unknown male exiting the fenced-in backyard through a gate. *Id.* at 4-5. When that person saw Officer Baxter, he turned and ran, dropping a black bag he had been carrying. *Id.* at 5. The fleeing subject then climbed a six-foot fence into a neighboring yard and "fell hard to the ground." *Id.* Despite the fall, he was able to get up and continue to run across the street and was ultimately located by Sgt. Trahan, attempting to hide in a small, wooded area. *Id.* Sgt. Trahan took Plaintiff into custody and was able to identify him by his Maryland Division of Corrections identification card. *Id.* Plaintiff does not include an explanation with this report outlining what he believes to be false beyond his initial claim that Officer Baxter was the officer who apprehended him, not Sgt. Trahan.

ECF No. 28 at 2-4 (footnotes omitted).

Mr. Wright's excessive force claim survived scrutiny under Fed. R. Civ. P. 12(b)(6) because the body-worn video submitted by Defendant Baxter, which showed no physical interaction between Baxter and Mr. Wright, was questioned by Mr. Wright. Specifically, Mr. Wright repeatedly referenced a different body-worn video that he had reviewed with his public defender that had not been provided to the court. ECF No. 4 at 8; ECF No. 24 at 8. Because Mr. Wright did not "incorporate Officer Baxter's body-worn video footage into his Amended Complaint," consideration of the video within the context of a Rule 12(b)(6) motion was not permissible. ECF No. 28 at 11, 15.

3

After Mr. Wright unsuccessfully appealed the court's dismissal of his conspiracy claims and official capacity claims (ECF No. 50 and 51), a stay that had been put into place in this case was lifted and the court directed counsel for Defendants to file, on or before February 4, 2026, a "comprehensive response to Mr. Wright's allegation that during his arrest he was thrown to the ground, a gun was held to his head, his life was threatened, and force sufficient to break his ankle was used against him when he was not resisting arrest."  ECF No. 52 at ¶ 2.  Defendants were specifically directed to address the allegation that additional body worn video existed that was not previously submitted to the court.  *Id*.  Defendants have filed body-worn video footage from Officer Baxter[1] and Sgt. Trahan but have not filed a comprehensive response to Mr. Wright's excessive force claim.  *See* ECF Nos. 55, 56.  Rather, on April 29, 2026, they filed a general denial. ECF No. 60.

### B.    Motion Consenting to Submission of Video

Mr. Wright has filed a Motion Consenting to Defendants' Submission of Previous Nondisclosure (ECF No. 53) as well as two other papers indicating his continuous consent to the submission of body-worn video footage.  ECF Nos. 54, 57.  Mr. Wright takes the position that the video establishes Officer Baxter as the arresting officer and Sgt. Trahan's use of "an impersonator and Plaintiff's cloth[e]s to re-film or falsely edit arrest."  ECF No. 54 at 1-2, 5.  He continues to insist that during the course of his capture and arrest, a gun was held to the side of his head and an officer stomped on his leg, fracturing his fibula.  *Id*. at 3.  Mr. Wright also insists that it was Officer Baxter, not Sgt. Trahan, who located him in the woods and ordered him to lie down to be handcuffed.  *Id*. at 5.  He adds that Officer Baxter, Sgt. Trahan, Officers Nelson, Johnson, and

---

[1]    This video footage was submitted with Defendants' Motion to Dismiss.  ECF No. 15-4; ECF No. 17.

Wood[2] violated his right to be free from prosecution based on false evidence because they edited the application for statement of charges, issued false arrest reports, and refilmed the arrest video footage using an impersonator wearing Mr. Wright's clothes. *Id*. at 5-6. Mr. Wright's motion consenting to the submission of body-worn video is not a proper motion; this court directed Defendants to file the video exhibits and they complied with the court's Order. The motion will therefore be denied.

### C.    Motion to Amend Complaint

Mr. Wright moves to amend his complaint to include a claim against Officer Aniyah Miller. ECF No. 59. Defendants oppose the Motion to Amend. ECF No. 61. Although Mr. Wright later filed a Motion to Withdraw the Motion to Amend, the clear intention of that motion is to allow Mr. Wright to file an Amended Complaint that he believes complies with Fed. R. Civ. P. 15(c). ECF No. 63. In his Motion to Amend, Mr. Wright states that Officer Miller assisted Officer Baxter with his arrest and "later stopped a 2nd assault" by Officer Baxter. ECF No. 59 at 2, 3. He states that Officer Miller never filed a false report, but she acquiesced to the false reports by remaining quiet about them. *Id*. Mr. Wright adds that Officer Miller never wrote an arrest report as required by Montgomery County Police Department "FC 131, MCP 37" because of the excessive force used against him by Officer Baxter. *Id*. at 4. He claims that Officer Miller acted in a conjoined effort with Sgt. Trahan, Officer Baxter, Officer Nelson, Officer Johnson, and Officer Wood to violate his right to due process, equal protection, and access to civil justice by helping to cover up and misrepresent the fact that Officer Baxter used "unreasonable excessive force that resulted in [his] broken leg." *Id*. at 5. He states that the cover up he alleges is commonly done by "predominantly

---

[2]    As noted, the conspiracy claim was dismissed by this court in the previous Memorandum Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss.

white police officers upon predominantly black arrestees." *Id*. He claims that Officer Miller was not named as a defendant previously because the claim "was not ripe for cause due to the mistaken… consideration of bystander liability protection that ha[s] been resolved." *Id*. at 6.

Defendants oppose the amendment because Mr. Wright amended his complaint once (ECF No. 4) as he had a right to do under Fed. R. of Civ. P. 15 but then amended his complaint four additional times. ECF Nos. 13, 18, 23, and 31. Additionally, they argue that the currently pending motion to amend is procedurally defective and seeks relief that is substantively unavailable. ECF No. 51-1 at 1-2. They explain that Mr. Wright has failed to comply with Local Rule 103(6) which requires that a copy of the entire proposed Amended Complaint accompany the motion to amend. *Id*. at 3. Further, they argue that the proposed amendment is futile because Mr. Wright has offered no specific allegations about how Officer Miller conspired with other officers. *Id*. at 5. Additionally, he bases his claim on a misreading of the regulation for the preparation of a report when force is used during an arrest; that regulation requires that one report be prepared for use of force even if multiple officers were involved. *Id*.

Mr. Wright's Motion to Withdraw his Motion to Amend the Complaint seeks to withdraw the motion and file another amended complaint so he may correct the errors alleged by Defendants. ECF No. 63 at 2. He reiterates that his claim against Officer Miller concerns her failure to file the required excessive force report pursuant to internal police policies. *Id*. Mr. Wright attaches an Amendment Naming Officer Miller as a Defendant and alleges that she participated in the fraudulent concealment of the names of the participants in the use of force against him. ECF No. 63-2 at 3. The allegations against Officer Miller are that she prevented a second assault against Mr. Wright; she accompanied him to the hospital after EMS arrived on site; she was at the hospital during the procedures Mr. Wright underwent and transported him to the police station; and she did

6

not file an excessive force report, allowing Sgt. Trahan's "false arrest report" to stand uncontested. *Id*. at 4-5.

The Motion to Amend the Complaint and the Motion to Withdraw, which is construed as another Motion to Amend the Complaint, must be denied. Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If the proposed amendment appears to be a futility, this court has the discretion to deny leave to amend.

Mr. Wright has been given opportunities to amend his complaint to include the names of officers as he has become aware of their identities, but in those instances the claims were at least colorable. Here the claims against Officer Miller do not include factual allegations that might lead to a reasonable conclusion that she engaged in conduct that amounted to a constitutional rights violation. Her accompaniment of Mr. Wright to the hospital and later to the police station are innocuous occurrences that happen as a matter of course. Her intervention in an alleged attempted second assault is not a basis for lawsuit, nor is her alleged failure to write a report. To the extent that Mr. Wright is attempting to resurrect the conspiracy claim that was dismissed by this court, that attempt must fail. That claim was dismissed because Mr. Wright had offered no factual allegation that raised his claim of a widespread conspiracy to protect Officer Baxter through altering body-worn video footage above mere speculation. ECF No. 28 at 12-13. His claim that

Officer Miller engaged in a similar conspiracy is also speculative, making the proposed amendment a futility.

Lastly, Mr. Wright's Motion to Proceed in Forma Pauperis (ECF No. 64) shall be denied as moot as he has already been granted leave to proceed in forma pauperis (ECF No. 9) but is required to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b)(2).

A separate Order setting forth parameters and deadlines for the progress of this case follows.

July 2, 2026                                              /s/
Date                                    DEBORAH K. CHASANOW
                                        United States District Judge